## McWilliams v. Nationwide Mutual Insurance Company

*Henry Sewinsky,* for plaintiff.

*George H. Rowley,* for defendant.

STRANAHAN, P. J., April 9, 1970.—This is a suit in assumpsit based on an insurance policy issued by defendant company, intended to cover loss resulting from felonious entry made by actual force and violence onto the business premises of plaintiff, and which results from the felonious removal of property on the premises.

The policy itself defines burglary differently than it is normally defined, and the issue in this case is whether plaintiff by his pleadings and answers to written interrogatories has made out a sufficient case to avoid a summary judgment being entered against him.

The policy provides as follows:

"The word burglary means the felonious abstraction of insured property from within the premises by a person making felonious entry therein by actual force and violence as evidenced by physical marks made by tools, explosives, electricity or chemical upon, or physical damage to the exterior of the premises at the place of such entry."

The answers to interrogatories in this case indicate that the only mark which would indicate that a person made a felonious entry on the premises by actual force and violence was a small hole approximately three-fourths of an inch located in the glass of a win-

dowpane on the premises. This window is 79 inches from the ground level and is 29 inches by 38 inches in size. It consists of a casement type of window, the central part of which shoves to the outside. Only one section of this window opens. The latch of the window is toward the center of the window at the bottom, and it lifts in order to unlatch the window. The facts indicate that the hole in the window was 31 inches above the bottom of the window and 15 inches from the side of the window. It is further set forth in plaintiff's answer to interrogatories that the hole was not in the window at midnight of the evening before the burglary was discovered.

Plaintiff has the burden of proof by the fair weight of the evidence to show that there was a felonious abstraction of insured property from the premises, and that this was done by a person making a felonious entry onto the premises by actual force and violence, and, finally, that this force and violence is evidenced by physical marks to the exterior of the premises at the place of such entry.

The only thing plaintiff has shown is that there was a hole in the window some nine feet, two inches from the ground and that this hole was three-fourths of an inch in diameter, and was made as a result of an impact from a blow outside the building. As this information now stands, it proves nothing and certainly does not indicate that a burglary has been committed. If this case were in the process of trial and all of the evidence that plaintiff has produced in his pleadings and answers to interrogatories was presented, this court would be under an obligation to enter a nonsuit in favor of defendant.

The burden is on plaintiff to produce testimony which proves his case by a fair preponderance of the evidence, and not merely to produce testimony from which some wild guess could be made, that it is re-

motely possible that an instrument could be dropped through the hole in order to spring the latch of the window. As the record now stands, this is highly improbable and certainly, in the absence of any other physical evidence, is not sufficient to warrant a jury surmising that this might have happened. The summary judgment provisions in Pa. R. C. P. 1035 provide that affidavits and depositions may be presented after a motion for summary judgment is made in order to sustain plaintiff's position and to avoid a summary judgment being entered against him.

Plaintiff has apparently elected to do none of these things, but merely to stand on the record as it now exists. It appears to this court that if some other piece of evidence were produced to indicate a burglary was performed in the area of the window referred to, then this court would, of necessity, be required to refuse the summary judgment, or if plaintiff were to produce an expert such as a police officer or criminologist who could testify in response to a hypothetical question that in his opinion this hole in the window was a method used by burglars to gain access to a building, and would explain how this process was used, then plaintiff would have made out a sufficient case.

Absent all of that, this court cannot believe that a burglar would make an effort to disguise the fact that a burglary was committed, since there would really be no purpose to that being done under the circumstances that exist in this case.

We, therefore, do not believe plaintiff has made out a sufficient case and this court must rule as a matter of law in favor of defendant, and thereby grant the summary judgment.

## ORDER

And now, April 9, 1970, a motion for a summary judgment having been made by defendant, the court

grants the summary judgment and does enter a judgment for defendant in this case.